IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:09-CR-78-FL
NO. 4:12-CV-17-FL

| | | |
|---|---|---|
| JERMAINE WARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE # 37). On March 9, 2012, the government filed a motion to dismiss, arguing that the petition was untimely filed and that petitioner had waived the right to seek post-conviction relief. However, on August 28, 2012, the government filed notice of withdrawal of its motion to dismiss and waived its previously asserted defenses. The government suggests that the court reach the merits of the § 2255 petition and vacate petitioner's conviction.

On October 5, 2009, pursuant to written plea agreement, petitioner pleaded guilty to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The court sentenced petitioner on August 16, 2010, to a term of 20 months' imprisonment, followed by a two-year term of supervised release. Judgment was entered August 23, 2010. It appears from the record that petitioner currently is serving his term of supervised release.

In light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner does not have a prior conviction of a crime punishable by imprisonment for a term exceeding one year. Therefore, a necessary element of the crime of conviction is lacking. See 18 U.S.C. § 922(g)(1).

Where the government waives defenses previously asserted in motion to dismiss, and where the court, having reviewed the record, finds petitioner's motion meritorious, said motion is GRANTED, and judgment and sentence dated August 23, 2010, is VACATED. Petitioner is ORDERED to be released from his term of supervised release, unless some cause be shown by the government on or before noon on August 31, 2012, why petitioner is not now entitled to this relief.

    SO ORDERED, this the 29th day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge